UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM TONY MULLIS, JR.,
    Plaintiff,

v.                                Case No. 8:22-cv-1409-KKM-AAS

CLARK, *et al.*,
    Defendants.
_____

## ORDER

William Tony Mullis, Jr., who is proceeding in forma pauperis, filed an Amended Complaint under 42 U.S.C. § 1983. (Doc. 21.) Because the Amended Complaint fails to state a claim, the Court dismisses it without prejudice and provides Mullis an opportunity to amend. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances).

Mullis sues five defendants based on four incidents of excessive force that allegedly took place while he was a pretrial detainee at the Pinellas County Jail. (Doc. 21 at 2–3, 5.) First, on February 10, 2021, Deputy Klinect and Corporal Carron allegedly "used excessive force with their hands, knees, [and] elbo[w]s by punching, kneeing, and forcing [Mullis's] head/face into [a] concrete bench while applying unnecessary tightness to hand/ankle restraints." (*Id.* at 5.) Second,

approximately two hours after the first incident, Corporal Clark allegedly "squeezed, pulled, [and] twisted [Mullis's] left thumb while" Deputy Klinect and Corporal Carron "used unnecessary excessive force" "during the removal of [his] orange issued uniform." (*Id.*) Third, on February 26, 2021, Deputy Klinect and Deputy Kirkland allegedly "used unnecessary excessive force" by "forcing [Mullis's] head/face into [a] concrete structure and applying unnecessary pressure to [an] open wound during [a] hosp[ital] visit." (*Id.*) Fourth, on April 12, 2021, Deputy Shepherd and another unidentified officer allegedly used their "hands/elbo[w]s/knees" to hit Mullis, force his face "into [a] concrete bench," and tear his "boxer shorts from [his] body." (*Id.*) Mullis alleges that he sustained a variety of physical injuries during these incidents, including a "fractured hand," permanent disfigurement to "facial features," and "head/face contusion[s]." (*Id.* at 6–7.)

The Amended Complaint is deficient. First, Mullis impermissibly attempts to plead unrelated claims in a single action. For example, the April 2021 excessive-force claim against Deputy Shepherd and the unidentified officer does not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the February 2021 excessive-force claims against the other defendants. Fed. R. Civ. P. 20(a)(2)(A). Where the claims are not related to the same defendant or the same basic incident, *see* Fed. R. Civ. P. 18(a), 20(a)(2), each claim must be addressed in a separate complaint. If he elects to file a second amended complaint, Mullis must choose which claim or related claims he wishes to pursue in this action. Any unrelated claims must be filed in a new civil rights action.

Second, Mullis's allegations are too vague to state plausible excessive-force claims. To plead an excessive-force claim, a pretrial detainee must allege facts showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Id.* "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* Courts may look to the following factors to determine "the reasonableness or unreasonableness of the force used: [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting." *Id.*

Although he identifies his injuries, Mullis fails to allege sufficient facts to allow the Court to evaluate the plausibility of his excessive-force claims. Most importantly, he provides no information about the events leading up to the defendants' uses of force. Without such factual detail, Mullis has not adequately alleged that the force used against him was "objectively unreasonable." *Id.*; *see also Donohoe v. Heine*, No. 2:21-cv-439-JES-NPM, 2022 WL 10483616, at *2 (M.D. Fla. Oct. 18, 2022) (dismissing excessive-force claim because, "[w]ithout any context regarding what led to the use of force, the Court cannot consider whether any of the *Kingsley* factors apply to show that Defendant['s] use of force was unreasonable"); *Myers v. Reynolds*, No. 1:17-cv-2330-TWT-JSA, 2018 WL 1702353, at *2 (N.D. Ga. Jan. 30, 2018) ("Plaintiff . . . fails to state a viable excessive force

3

claim because [he] has provided no factual details to support that claim, *i.e.*, the events leading up to, during, and after Plaintiff was kicked."), *adopted by* 2018 WL 1697444 (N.D. Ga. Apr. 6, 2018). If Mullis chooses to amend, he must set forth facts that fully explain the circumstances under which force was used.

Accordingly, it is **ORDERED** that:

1. Mullis's Amended Complaint (Doc. 21) is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mullis wishes to amend, he shall file a second amended complaint no later than **July 12, 2023**.

    b. To amend, Mullis should complete a new civil rights complaint form, titling it "Second Amended Complaint." **Mullis must choose a claim, or a group of related claims, with which to proceed**. The Second Amended Complaint must include all of Mullis's claims that he wishes to pursue and may not refer back to, or incorporate, the Amended Complaint. The Second Amended Complaint shall supersede the Amended Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The Second Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mullis fails to file a Second Amended Complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the Amended Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to

        amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mullis must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mullis a copy of the standard prisoner civil rights complaint form.

**ORDERED** in Tampa, Florida, on June 21, 2023.

*[signature: Kathryn Kimball Mizelle]*
Kathryn Kimball Mizelle
United States District Judge